UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEXTER ANTON ARTIS,

    Plaintiff,

    v.                                       CAUSE NO. 3:21-CV-412-JD-MGG

JAMIE M. OSS, et al.,

    Defendants.

OPINION AND ORDER

Dexter Anton Artis, a prisoner without a lawyer, filed a complaint against three defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted).

Here, Artis alleges he has been incarcerated at the LaPorte County Jail since March 1, 2021. Because he lives out of state, the prosecutor, Mark Roule, argued Artis is a flight risk and requested that he be detained. The judge, Jamie M. Oss, agreed and set Artis's bail at $15,000 in cash. He has sued Attorney Roule, Judge Oss, and the LaPorte County Jail. He requests monetary damages and wants "the defendants to uphold the oath they took and stop holding people on excessive bail." ECF 1 at 5.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. However, § 1983 has limits on the types of violations it covers and on the people or entities that may be sued. Artis has named Judge Oss as a defendant, but she cannot be sued for money damages under § 1983 for acts taken in a judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Setting bail is within the jurisdiction of a state criminal court judge. *See Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) ("[Plaintiff's] claim that the judge set excessive bail in violation of the Eighth Amendment also fails, because the defendants whom he sued are entitled to immunity, having acted either as lawyers for the state or in a judicial capacity."). Nor do the

allegations state a plausible claim for injunctive relief against Judge Oss. *See* 42 U.S.C. § 1983 (limiting injunctive relief against a judicial officer to when "a declaratory decree was violated or declaratory relief was unavailable"); *see also Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (noting that § 1983 bars injunctive relief against both state and federal judges). Therefore, the claims against Judge Oss must be dismissed.

Similarly, as to Attorney Roule, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (internal quotation marks and citation omitted); *see also Cannon*, 850 F.3d at 307. Because Artis's suit challenges Attorney Roule's conduct with regard to the setting of the allegedly excessive bail—undoubtedly part of the judicial phase of the criminal process—the claims against him may not proceed either.[1]

---

[1] To the extent Artis is attempting to obtain release from custody, he cannot do so in this action, and instead his sole remedy lies in habeas corpus. 28 U.S.C. § 2241; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). "[I]f a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings as long as the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979)).

Artis also complains about the condition of the jail. Because Artis is a pretrial detainee, these claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id*. (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353.

Here, Artis alleges he is housed with two other inmates in a "two man cell" and that he sleeps next to the toilet. ECF 1 at 3. Not only are these allegations impermissibly

vague,[2] but Artis has not named a defendant who is amenable to suit regarding these claims. In addition to Judge Oss and Attorney Roule, he has named the LaPorte County Jail as a defendant. However, the jail is a building; is not a person or a policy-making unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). Therefore, he cannot proceed against the St. Joseph County Jail.

Although the current complaint does not state any valid claims, the court will give Artis the opportunity to file an amended complaint. *See Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022–25 (7th Cir. 2013). If Artis chooses to file an amended complaint, it should be done on the court's **approved Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form. The amended complaint must provide as much detail as possible about the prison conditions Artis has experienced or is experiencing— explaining what happened, when it happened, where it happened, who was involved, and how the conditions and/or events that transpired personally injured Artis. Of note, an amended complaint should only be filed if Artis believes the deficiencies set forth in this order can be rectified.

For these reasons, the court:

---

[2] The sparse facts presented in the complaint do not support a constitutional violation, and Artis has not alleged how he, personally, was affected by the conditions. *See e.g. Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him").

(1) GRANTS Dexter Anton Artis until **July 23, 2021**, to file an amended complaint on the court's approved form as described above; and

(2) CAUTIONS Dexter Anton Artis that if no response is received by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT